PRESENT:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Lacy, S.J.

ANDREW ROBERT ALSTON

OPINION BY
v. Record No. 070007          JUSTICE G. STEVEN AGEE
                              November 2, 2007
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

Andrew Robert Alston was found guilty of voluntary manslaughter by a jury in the Circuit Court of the City of Charlottesville.  In addition to a term of active incarceration, the circuit court also imposed a three-year term of postrelease supervision as required by Code § 19.2-295.2.  On appeal in the Court of Appeals, Alston challenged the term of postrelease supervision, which he contends violates his rights under the Sixth Amendment, his right to due process, and constituted an abuse of sound judicial discretion.  The Court of Appeals affirmed the judgment of the circuit court.

For the reasons set forth below, we will affirm the judgment of the Court of Appeals.

I.  RELEVANT FACTS AND PROCEEDINGS BELOW

On November 9, 2004, a jury in the Circuit Court of the City of Charlottesville convicted Alston of voluntary manslaughter in the death of Walker Sisk.  The jury recommended a sentence of three years active incarceration.  The circuit

court set the case for sentencing pending the completion of a pre-sentence investigation report pursuant to Code § 19.2-299.

Prior to the sentencing hearing, Alston filed a motion challenging a term of postrelease supervision under Code § 19.2-295.2 on several grounds. Alston contended the application of that statute to permit the imposition of a term of postrelease supervision, in addition to the term of active incarceration recommended by the jury, violated the separation of powers between the legislative and judicial branches. In an additional memorandum filed with the circuit court, Alston argued that postrelease supervision under Code § 19.2-295.2 extends a sentence beyond the statutory maximum as determined by the line of cases represented by Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). He also argued that the judicial construction of the statute contravened both the plain language of the statute and the legislature's intent in enacting it. When Alston argued his motion at the sentencing hearing, he expressly rejected a characterization of his challenge to Code § 19.2-295.2 as one based on due process grounds.

Based on the briefs and argument, the circuit court found that, as part of the statutory sentencing framework established by the General Assembly, postrelease supervision imposed under Code § 19.2-295.2 does not violate the separation of powers, and

2

that neither Apprendi nor Blakely applied.  Alston specifically

requested that the circuit court identify any facts that it, as

opposed to the jury, had found as a basis for imposing a

specific term of postrelease supervision under Code § 19.2-

295.2:  "I want to be clear I've asked the Court to focus now on

any fact the Court would have to take into consideration or

determine . . . ."  The court responded that "I don't think I

need to make any other fact finding" than the jury's verdict of

guilty.

The circuit court then imposed the jury's recommended

three-year period of active incarceration, and ordered that

Alston also be placed under postrelease supervision pursuant to

§ 19.2-295.2(A) for an additional three years.[1]

The Court of Appeals affirmed the judgment of the circuit

court.  Alston v. Commonwealth, 49 Va. App. 115, 117, 637 S.E.2d

344, 345 (2006).  We awarded Alston this appeal.

## II.  ANALYSIS

On appeal in this Court, Alston assigns error to the

judgment of the Court of Appeals on four basic grounds.

Initially, he contends the Court of Appeals erred because it

failed to find that a term of postrelease supervision under Code

§ 19.2-295.2, as applied in this case, violates Alston's Sixth

---

[1] Alston's three-year term of active incarceration is not at issue in this appeal.

3

Amendment rights.[2]  As a corollary matter, Alston contends that Code § 19.2-295.2 is unconstitutional on its face.

Separately, Alston contends the imposition of the three-year term of postrelease supervision "is arbitrary and violates the principals of sound judicial discretion."  Lastly, Alston assigns error to the failure of the circuit court and Court of Appeals to hold that Code § 19.2-295.2, as interpreted, contradicts legislative intent.

### A.  STANDARD OF REVIEW

Each of Alston's assignments of error raises questions of law.  On appeal, we review such issues de novo.  Harrell v. Harrell, 272 Va. 652, 656, 636 S.E.2d 391, 393 (2006); Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005).

### B.  THE SIXTH AMENDMENT

Alston's primary argument is that the imposition of a term of postrelease supervision under Code § 19.2-295.2 constitutes an unconstitutional enhancement of the sentence of active incarceration permitted by the jury's sentence and findings of fact in his case.  Alston bases his argument on the Sixth Amendment right to trial by jury as explicated by the Supreme Court of the United States in Apprendi v. New Jersey and its

---

[2] The Sixth Amendment provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ."  U.S. Const. amend. VI.

4

progeny, primarily Blakely v. Washington and Cunningham v. California, 549 U.S. ___, 127 S.Ct. 856 (2007). He contends the Court of Appeals erred in its application of those decisions because it found no Sixth Amendment violation in his case.

In Apprendi, the Supreme Court enunciated the Sixth Amendment requirement that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. The defendant in Apprendi pled guilty to the crime of "possession of a firearm for an unlawful purpose," which was punishable by statute for a term of incarceration "between five years and 10 years." However, the applicable New Jersey law permitted "an extended term of imprisonment if the trial judge finds, by a preponderance of the evidence," that the defendant acted with a purpose to intimidate the victim on the basis of race or similar factors. Id. at 468-69. The trial judge so found and sentenced Apprendi to twelve years in prison instead of the five to ten years that otherwise would have been the applicable range of sentence. Id. at 471.

The Supreme Court reversed Apprendi's sentence because his Sixth Amendment rights were violated when the trial judge increased the otherwise applicable statutory maximum sentence (five to ten years) based upon facts only found by the judge and

5

which were beyond those inherent in Apprendi's guilty plea and by a standard lower than beyond a reasonable doubt. Id. at 476. Apprendi set the stage for further refinement of the Sixth Amendment concept in Blakely, Cunningham, and United States v. Booker, 543 U.S. 220 (2005).

In Blakely, the Court clarified "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely, 542 U.S. at 303 (emphasis in original). Blakely pled guilty to the abduction of his spouse, which carried a maximum sentence by statute in the State of Washington of no more than ten years. However, other statutory restrictions limited the trial judge's sentencing option to a maximum range of 49 to 53 months, unless the judge "finds 'substantial and compelling reasons justifying an exceptional sentence.'" Id. at 299 (quoting Wash. Rev. Code § 9.94A.120(2)). The trial judge alone made such additional findings of fact and based on the additional findings imposed an "exceptional sentence of 90 months—37 months beyond the standard maximum." Id. at 300.

Citing Apprendi, the Supreme Court reversed Blakely's sentence because it exceeded the "relevant statutory maximum" – that is, the sentence that could be derived only from a jury verdict and findings or the defendant's admissions.

6

> Our precedents make clear, however, that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

Id. at 303-04 (internal citations omitted) (emphasis in original).

The Supreme Court's decision in Blakely effectively overturned the mandatory sentencing guideline system in the State of Washington. Shortly thereafter, the Supreme Court similarly invalidated the federal mandatory sentencing guideline system in Booker. In referencing Blakely as it considered the federal sentencing scheme, the Court in Booker reiterated that "[t]he application of Washington's sentencing scheme violated the defendant's right to have the jury find the existence of 'any particular fact' that the law makes essential to his punishment." Booker, 543 U.S. at 232.

Booker was convicted by a jury under 21 U.S.C. § 841(a)(1) for possession with the intent to distribute cocaine based on the evidence at trial that Booker had 92.5 grams of cocaine in his possession. On those facts alone, under the federal sentencing guidelines, Booker was subject to a sentence of no

7

more than 262 months incarceration.  However, the trial judge found separately from the jury and only by a preponderance of the evidence, that Booker possessed a substantially greater quantity of cocaine than 92.5 grams and was also guilty of obstructing justice.  Based on these additional findings, the federal sentencing guidelines required that the trial judge exceed the otherwise applicable maximum sentence of 262 months and sentence Booker to 360 months.  In considering Booker's enhanced sentence, the Supreme Court restated its declaration in Blakely "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant*."  Booker, 543 U.S. at 228 (emphasis in original).

Because Booker's enhanced sentence was based on facts neither found by the jury nor admitted by him, that sentence violated his Sixth Amendment rights and was reversed.

> The jury never heard any evidence of the additional drug quantity, and the judge found it true by a preponderance of the evidence.  Thus, just as in Blakely, "the jury's verdict alone does not authorize the sentence.  The judge acquires that authority only upon finding some additional fact."  There is no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines in these cases.

Booker, 543 U.S. at 235 (internal citations omitted).

Importantly, the Court in Booker went on to explain that when a sentence is within the permissible statutory range, and no additional facts are required to be found by the sentencing judge in order to impose sentence, then the inherent judicial discretion in imposing a sentence within the statutory range does not implicate the Sixth Amendment.

> If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

Booker, 543 U.S. at 233.

Earlier this year, in setting aside a similarly enhanced sentence under California's determinate sentencing system in Cunningham, the Supreme Court again reiterated the basic principles of the foregoing cases.

> This Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.
> . . . .
> We cautioned in Blakely, however, that broad discretion to decide what facts may support an enhanced sentence, or to determine whether an enhanced sentence is warranted in any particular case, does not shield a sentencing system from the force of our decisions. If the jury's verdict alone does not

9

> authorize the sentence, if, instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied.

Cunningham, 127 S.Ct. at 863, 869.

As in Booker, the Court in Cunningham clarified that if the sentence in a criminal case is within the permitted statutory limit based solely upon the finding of a jury or the defendant's admissions, without any additional fact-finding by the trial court, then a sentence within that range raised no Sixth Amendment claim. "Other States have chosen to permit judges genuinely 'to exercise broad discretion within a statutory range,' which, 'everyone agrees,' encounters no Sixth Amendment shoal." Cunningham, 127 S.Ct. at 871 (quoting Booker, 543 U.S. at 233).

It is against this precedential background that Alston raises his Sixth Amendment claim. In short, he argues that the "relevant statutory maximum" for Apprendi purposes is solely the three years of active incarceration set by the jury. He grounds this argument in his reading of Code § 19.2-295 as a state law limitation on the statutory maximum, but alternatively asserts that the circuit court also engaged in the type of additional fact-finding Apprendi prohibits.

Alston first contends that Code § 19.2-295, which provides that the term of confinement "of a person convicted of a criminal offense shall be ascertained by the jury," unless the

10

case is tried without a jury, is a Virginia statutory limit that also serves as the Apprendi relevant statutory maximum when a jury recommends a sentence.  Alston thus concludes that the terms of Code § 19.2-295 prohibit any sentence under Code § 19.2-295.2 since the latter code section does not involve a sentence from the jury.[3]

The Commonwealth responds that this issue was addressed in Williams v. Commonwealth, 270 Va. 580, 621 S.E.2d 98 (2005), when we decided that the Code § 19.2-295.2 term of postrelease supervision was combined with any term of active incarceration for the purposes of calculating the statutory maximum sentence. Id. at 584, 621 S.E.2d at 100.  However, the Sixth Amendment claims raised under Apprendi and Blakely were not before the Court in Williams because those issues had been waived.  270 Va. at 583 & n.3, 621 S.E.2d at 100 & n.3.  Nevertheless, the Commonwealth contends that Williams is dispositive in this case because Alston did not receive the statutory maximum under Williams.  In the Commonwealth's view, since voluntary manslaughter is punishable as a Class 5 felony under Code § 18.2-10 with a maximum term of ten-years incarceration, Alston's

_____

[3] In Alston's view, a term of postrelease supervision under Code § 19.2-295.2 could be imposed, consonant with Code § 19.2-295, only if an equivalent part of the sentence of active

11

incarceration permitted by the jury recommendation were
suspended.

sentence of three-years active incarceration and three-years postrelease supervision is within the Code § 18.2-10 maximum term and thus does not violate the Apprendi Sixth Amendment framework.  We disagree with both parties.

There are several fatal flaws in Alston's analysis.  First, he ignores the necessity to read the statutes, Code §§ 19.2-295 and 19.2-295.2, together and not in isolation.  "It is a cardinal rule of construction that statutes dealing with a specific subject must be construed together in order to arrive at the object sought to be accomplished."  Prillaman v. Commonwealth, 199 Va. 401, 406, 100 S.E.2d 4, 7 (1957) (quoting Seaboard Fin. Corp. v. Commonwealth, 185 Va. 280, 286, 38 S.E.2d 770, 772 (1946) (internal quotation marks omitted)).

> Under the rule of statutory construction of statutes
> in pari materia, statutes are not to be considered as
> isolated fragments of law. . . . [T]hey should be so
> construed as to harmonize the general tenor or purport
> of the system and make the scheme consistent in all
> its parts and uniform in its operation, unless a
> different purpose is shown plainly or with
> irresistible clearness.

Prillaman, 199 Va. at 405, 100 S.E.2d at 7 (quoting 50 Am. Jur., *Statutes* § 349).  Alston also ignores the plain language of the statutes.  "When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language."  Lee County v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002).

13

Notwithstanding any limitations Code § 19.2-295 may place upon a term of confinement a jury may determine, Code § 19.2-295.2 unequivocally directs the circuit court, "*in addition to any other punishment imposed*," to impose the term of postrelease supervision.  Code § 19.2-295.2(A) (emphasis added).  The term of postrelease supervision is a mandate to the court, not the jury, and applies by the plain terms of Code § 19.2-295.2 irrespective of any limitations Code § 19.2-295 may apply to a jury's sentence.  "In addition to any other punishment imposed" means what it says and, by those plain terms, contains no limitation from Code § 19.2-295.  In short, Code § 19.2-295.2 is a clear and unmistakable requirement upon the court that is unrelated to any jury limitation under Code § 19.2-295.

As we noted in Williams, the term of postrelease supervision under Code § 19.2-295.2 is part of the maximum term permitted by statute and is not limited by Code § 19.2-295. "Under a proper application of the Code section, in determining the length of a permitted sentence, the three-year term of postrelease supervision is added to the . . . term that could have been imposed for the . . . offenses of which the defendant was convicted." Williams, 270 Va. at 584, 621 S.E.2d at 100.

Thus, properly read, Code §§ 19.2-295 and 19.2-295.2 do not support Alston's thesis that Virginia law limits the relevant statutory maximum term, for Apprendi purposes, to the three-year

14

term of active incarceration determined by the jury.[4]  However, as we recognized in Williams, resolution of the question of Virginia statutory law does not answer the federal constitutional question.  270 Va. at 583 n.3, 621 S.E.2d at 100 n.3.

To answer that query, we must determine what constitutes "the relevant statutory maximum" for Sixth Amendment purposes under Apprendi, regardless of what that maximum term may be under Virginia statute.  The roadmap to determine that answer has been clearly demarcated by the Supreme Court as we noted above in quoting the Blakely decision.

> [T]he "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict . . . *. [T]he relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

Blakely, 542 U.S. at 303-04 (internal citations omitted) (emphasis in original).

---

[4] Alston's statutory language argument under Code § 19.2-295 is also rebutted by the multitude of actions a trial court is authorized to take by statute in addition to any sentence "ascertained by the jury."  These include ordering substance abuse screenings under Code § 19.2-299.2 of a person convicted of possession of controlled substances; collection of a DNA sample under Code § 19.2-310.2 of a person convicted of a felony; and ordering restitution to victims under Code § 19.2-305.1, to name but three.  If Alston's theory of the exclusiveness of a jury sentence under Code § 19.2-295 were correct, all the foregoing could arguably be a legal nullity.

15

Clearly, the Commonwealth's position that the maximum term of incarceration permitted by statute for a particular crime is the equivalent of the relevant statutory maximum for Sixth Amendment purposes was rejected in Blakely. While the maximum term provided by a statute and the Apprendi relevant statutory maximum may be coterminous, that circumstance depends on the "facts reflected in the jury verdict." As a matter of federal constitutional law, only those facts found by the jury or necessarily derived from its verdict can be the basis of the relevant statutory maximum sentence that a court can impose consonant with the defendant's Sixth Amendment rights.

So viewed, we agree with the conclusion of the Court of Appeals on this issue. "This statute[, Code § 19.2-295.2,] does not require that a trial court find proof of particular facts independent of the jury's conviction. The trial court here did not make any factual determinations beyond those implicit in the jury's conviction." Alston, 49 Va. App. at 121-22, 637 S.E.2d at 347.

The verdict of guilty to the charge of voluntary manslaughter was the sole factual finding by the jury that was needed by the circuit court for the imposition of a term of postrelease supervision under Code § 19.2-295.2. The jury's verdict of guilty was the only factual predicate required by Code § 19.2-295.2 before the statutory mandate was triggered

16

that the circuit court "impose a term of postrelease supervision of not less than six months nor more than three years." The jury finding of Alston's guilt was "all the facts which the law makes essential to the punishment" under Code § 19.2-295.2. Thus, the Apprendi requirement that the sentence imposed be "solely on the basis of facts reflected in the jury verdict" was met in this case and Alston's three-year term of postrelease supervision is within the "relevant statutory maximum" for that reason. The fact that the circuit court exercised its discretion in selecting the term of postrelease supervision to impose a term of between six months and three years does not alter our conclusion.

The choice as to the duration of that term was a matter within the inherent discretion of the court in imposing a sentence, and required no additional fact-finding in an Apprendi context. A court clearly has that authority under Virginia law when it chooses a point within the permitted statutory range. "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977) (citing Perry v. Commonwealth, 208 Va. 283, 156 S.E.2d 566 (1967)). Such a choice within the relevant statutory range raises no Apprendi Sixth Amendment issue because no additional

17

fact-finding is made by the sentencing judge under Code § 19.2-295.2 or required in addition to those facts found or implied by the jury's verdict. This conclusion is securely grounded in the Supreme Court's pronouncement in Booker that "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." 543 U.S. at 233; accord Cunningham, 127 S.Ct. at 866.

Lastly, Alston argues that even if the circuit court was within its authority to impose the term of postrelease supervision under Apprendi, the circuit court nonetheless acted to take that sentence out of any constitutional safe harbor by making factual findings independent of the jury, as the basis for its decision to fix a term of postrelease supervision at three years instead of a lesser term. This argument is without merit and has no basis in the record.

Contrary to Alston's contention, the circuit court specifically declined to accept Alston's request to state findings of fact as the basis for the court's choice in the length of the postrelease term. In fact, the circuit court noted that no fact-finding on its part was required: "Well I don't think I need to make any other fact finding other than to impose . . . . I think my discretion is only limited to how much." Any observations by the circuit court in imposing the

18

term of postrelease supervision were remarks of a general nature, which were not findings of fact.

Accordingly, we find no error in the judgment of the Court of Appeals that the imposition of a term of postrelease supervision under Code § 19.2-295.2 did not violate any rights of Alston under the Sixth Amendment.[5]

## C. PROCEDURAL DEFAULT

Alston argues in another assignment of error that the duration of the term of postrelease supervision imposed by the circuit court was arbitrary, in violation of his due process rights, and an abuse of sound judicial discretion. The Court of Appeals found Alston's due process claim was procedurally defaulted, and Alston also separately assigns that determination as error. The Commonwealth contends Alston's appellate claims of arbitrary action and abuse of discretion by the circuit court were also defaulted because they were never made in the circuit court. We agree with the Commonwealth.

---

[5] Alston's second assignment of error is that Code § 19.2-295.2 is unconstitutional on its face. To establish facial unconstitutionality, Alston "must establish that no set of circumstances exists under which [§ 19.2-295.2] would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987). As our resolution of Alston's first assignment of error reflects, we find no constitutional infirmity in the application of Code § 19.2-295.2 in this case. Thus, Alston's contention that the section is unconstitutional on its face obviously fails and we need comment no further on this assignment of error.

19

The rules of this Court limit the consideration of the Court of Appeals to those rulings upon which timely objection has been made, with the grounds for such objection, and provide that "mere statement that the judgment . . . is contrary to the law . . . is not sufficient to constitute a question to be ruled upon on appeal." Rule 5A:18. Our rules similarly limit the consideration of this Court. Rule 5:25.

In considering whether or not Alston preserved his due process claim, the Court of Appeals noted the transcript of the circuit court sentencing hearing. At that hearing, Alston's counsel told the circuit court that "due process [is] not our challenge" to the application of a postrelease term under Code § 19.2-295.2. Accordingly, the Court of Appeals held that Alston's due process claim on appeal was barred by Rule 5A:18.

Alston points to no place in the record where his due process claim was preserved so as to contradict the judgment of the Court of Appeals on this issue. Neither does Alston plead good cause for his failure to assert a due process claim or seek application of the ends of justice exception. Thus, the Court of Appeals did not err in holding any due process claim by Alston was waived.

The Commonwealth also asserts that Alston's arbitrary action and abuse of discretion arguments are actually a thinly veiled attempt to raise his defaulted due process claim and that

neither of those claims was raised in the circuit court.  Again, we agree with the Commonwealth.  The record does not reflect that Alston ever argued to the circuit court that imposition of the term of postrelease supervision was either arbitrary or an abuse of discretion.  Accordingly, this claim is defaulted under Rule 5:25 and will not be considered.

## D.   LEGISLATIVE INTENT

Finally, Alston argues that the application of Code § 19.2-295.2 by the circuit court and the Court of Appeals contravened the General Assembly's intent in enacting that statute.

"While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used . . . .  Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed."  Chase v. DaimlerChrysler Corp., 266 Va. 544, 547-48, 587 S.E.2d 521, 522 (2003).  "Therefore, when the language of an enactment is free from ambiguity . . . we take the words as written to determine their meaning."  Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985).

As noted above, Code § 19.2-295.2 provides, in relevant part, that "[a]t the time the court imposes sentence upon a

conviction for any felony offense . . . the court . . . shall, *in addition to any other punishment imposed . . .* impose a term of postrelease supervision of not less than six months nor more than three years."  Code § 19.2-295.2(A) (emphasis added). Accordingly, the statute clearly required that Alston's term of postrelease supervision be in addition to his term of active incarceration.  Alston's argument that "[t]here is no clear language *requiring* that the postrelease term be in addition to the full sentence" is contradicted by the plain language of Code § 19.2-295.2:  he begs of us a construction of the statute that the words "in addition to any other punishment" cannot bear. Alston's argument on his final assignment of error is thus without merit.

CONCLUSION

For the foregoing reasons, we will affirm the judgment of the Court of Appeals.

Affirmed.