COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge O'Brien and Senior Judge Haley

IAN GABRIEL HUNT

MEMORANDUM OPINION*
v.      Record No. 1332-21-2                     PER CURIAM
                                                 JUNE 21, 2022
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SUSSEX COUNTY
W. Edward Tomko, III, Judge

(Connie Louise Edwards; Connie Louise Edwards, P.C., on brief),
for appellant.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.


Following appellant's *nolo contendere* pleas, the trial court convicted Ian Gabriel Hunt of

driving with a suspended license and reckless driving.[1] The trial court sentenced appellant to twelve

months' incarceration on each conviction, for a total of twenty-four months in jail, as well as a

$1,000 fine for each offense. Appellant asserts that his sentences were excessive based on the

mitigating evidence. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). For the reasons stated below, we affirm the trial court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v.*

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant pleaded not guilty to driving while under the influence of alcohol, third
offense ("DUI"). At the conclusion of the evidence, the trial court dismissed the DUI charge.

*Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). On the evening of June 27, 2021, Deputy Richard Marks had set up radar in Wakefield when he observed appellant driving at "a high rate of speed." Marks's radar indicated that appellant was driving sixty-three miles per hour in a thirty-five mile-per-hour zone. Marks followed appellant and attempted to intercept him, but appellant continued to speed, as well as "weaving across the lanes and crossing into oncoming traffic." At 11:04 p.m., appellant finally stopped approximately one mile outside of town at the local airport. Marks checked appellant's information and discovered that his license had been "revoked DUI related" and that he had DUI convictions in December 2020 and April 2021. Appellant smelled of alcohol and admitted that he had been drinking. After administering field sobriety tests at the scene, Marks arrested him.

On November 10, 2021, the trial court heard the evidence on the DUI charge and accepted appellant's *nolo contendere* pleas to the reckless driving and driving with a suspended license charge. After hearing testimony and argument, the court dismissed the DUI charge, convicted appellant of reckless driving and driving on a suspended license, and sentenced him to twelve months and a $1,000 fine on each conviction. This appeal followed.

## ANALYSIS

Appellant contends that the trial court erred in sentencing him to the maximum penalty for each misdemeanor conviction because it "fail[ed] to give any consideration [to] his pleas of no contest," acceptance of culpability, and expression of remorse. He asserts that the trial court abused its discretion by basing its sentencing decision on the circumstances surrounding the offenses. Although appellant concedes that his excessive speed was greater than the minimum

required to constitute reckless driving, he maintains that it was not sufficiently excessive to warrant imposition of the maximum sentence.[2]  We disagree.

"We review the trial court's sentence for abuse of discretion."  *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011).  "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion."  *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).  It was within the trial court's purview to weigh the totality of the circumstances when fashioning a sentence.  *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).  "Criminal sentencing decisions are among the most difficult judgment calls trial judges face."  *Minh Duy Du*, 292 Va. at 563.  "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case."  *Id.*

Here, the sentences the trial court imposed were within the ranges set by the legislature for appellant's offenses.  *See* Code §§ 18.2-11, 18.2-272, 46.2-862, and 46.2-868.  Furthermore, as the trial court stressed, appellant had had two DUI convictions "in close proximity" to the instant offenses.  It also emphasized that, on the reckless driving offense, appellant was driving sixty-three miles per hour in a thirty-five mile-per-hour zone in one of the "most congested parts" of Route 460 in Sussex County, demonstrating "a lack of judgment . . . [that] [wa]s just almost unfathomable."  The trial court reasoned that, having committed the instant offenses so soon after two DUI offenses, appellant had not yet accepted responsibility for his driving

---

[2] The Commonwealth contends that appellant has failed to preserve these arguments. Although appellant simply "submit[ted]" the sentencing disposition to the trial court's discretion, he also asked the trial court to consider suspending a portion of his sentences.  Accordingly, we conclude that he has preserved his argument that his sentences were excessive.

infractions, noting that he "was going to end up killing [him]self or . . . somebody [else]." Based on the record, the trial court did not abuse its discretion by imposing the maximum sentence for each conviction.

## CONCLUSION

For the reasons stated above, the trial court's judgment is affirmed.

*Affirmed.*