COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Clements, Haley and Petty


LENNY R. DORTCH, SOMETIMES KNOWN AS
  LENNY RICCARDO DORTCH
                                                    MEMORANDUM OPINION*
v.        Record No. 0404-22-2                          PER CURIAM
                                                    NOVEMBER 29, 2022
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                              Richard E. Moore, Judge

              (Michael J. Hallahan, II, on brief), for appellant. Appellant
              Submitting on brief.

              (Jason S. Miyares, Attorney General; David M. Uberman, Assistant
              Attorney General, on brief), for appellee.


       Counsel for Lenny Riccardo Dortch filed a brief on his behalf accompanied by a motion for

leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). A copy of

the brief has been furnished to Dortch with sufficient time for him to raise any matter that he

chooses. Dortch has not filed any *pro se* supplemental pleadings. After examining the briefs and

record in this case, the panel has determined that this appeal is wholly frivolous and unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). The trial court's judgment is affirmed.

       Following guilty pleas, the trial court convicted Dortch of rape, abduction with the intent to

defile, and two counts of use of a firearm in the commission of a felony. On appeal, Dortch argues

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that the trial court abused its sentencing discretion by imposing two life sentences on the rape and abduction convictions.[1]

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Before accepting Dortch's guilty pleas, the trial court conducted a thorough colloquy with him to ensure they were entered freely and voluntarily. Dortch confirmed that he had discussed the charges and their elements with his attorney and was pleading guilty because he was, "in fact, guilty." Dortch understood the maximum punishment for the offenses was two life sentences plus eight years of mandatory minimum incarceration. Dortch confirmed that there was no plea agreement and understood that the trial court was not bound by the discretionary sentencing guidelines. The trial court accepted Dortch's pleas, finding that he had entered them freely and voluntarily.

The Commonwealth proffered that around 9:10 p.m. on December 17, 2020, A.L. left a gym and walked to her home, which was "across the street." Dortch stepped in front of A.L. on the sidewalk near her home, placed a gun against her head, and threatened to kill her if she screamed. He then grabbed A.L.'s arm and said, "I want to touch you," as he pulled her into a nearby wooded area. While pressing the gun against A.L.'s head, Dortch reminded her not to scream, pushed her to

---

[1] The trial court also sentenced Dortch to a total of eight years' incarceration on the use of a firearm convictions. Dortch did not note an appeal for those convictions or sentences.

the ground, and demanded that she remove her clothing. After A.L. removed her sweatshirt and shirt, Dortch removed her bra and pants and told her to kiss him. Dortch then exposed his penis, grabbed "the back of her head," and "forc[ibly]" sodomized A.L. while pressing the gun against her temple. Dortch then inserted his penis into A.L.'s vagina and engaged in "vaginal intercourse." Dortch also attempted to insert his penis into A.L.'s anus while telling her "to get freaky." When A.L. screamed, Dortch inserted the gun into her mouth and "continued vaginal penetration." A.L. reached for the gun, so Dortch reinserted his penis into her mouth and told her to "swallow it" as he ejaculated. A.L. "block[ed]" much of "the ejaculate with her right hand."

As A.L. wiped her hand on the ground, Dortch stated that he should "just kill" her so she could not call the police; A.L. assured Dortch that she would not call the police and begged him to allow her to return to her one-year-old daughter. Dortch promised to kill A.L. if she called the police, asserting that he knew where she lived. Dortch "rack[ed] the slide" of the gun "against [A.L.'s] forehead," then ordered her to close her eyes and wait ten minutes. When A.L. "turn[ed] around," Dortch fled. A.L. retrieved her clothing and ran home wearing only one shoe. Her husband, J.L., called 911, and paramedics transported her to the hospital to treat "a litany" of external and vaginal injuries. At the hospital, A.L.'s hands were swabbed for DNA analysis.

During an interview with police five days later, Dortch denied "any involvement" and said that they would not find his DNA on A.L. After police left the interview room, however, Dortch said to himself, "they have my DNA, it's a wrap . . . I f'd up." The next day, forensic analysis determined that Dortch was "the contributor" of male DNA recovered from A.L.'s right hand.

Based on Dortch's pleas and the proffered evidence, the trial court convicted Dortch of rape, abduction with the intent to defile, and two counts of use of a firearm in the commission of a felony and continued the matter for sentencing. In a victim impact statement, J.L. lamented that A.L.'s screams when she came through their door "still ring in [his] ears." "Overnight," J.L. "became both

- 3 -

father and mother" to their "one-year-old daughter" because A.L. struggled to leave her bed. J.L. and A.L. moved to a new city to avoid the "lingering fear" Dortch had caused. A.L. was uneasy in unlit rooms, often drifted into blank stares as she remembered the assault, and her eyes filled with unprovoked tears. J.L. concluded that Dortch "handed" J.L. and A.L. their "own life sentence[s]" and hoped that Dortch's "fate [would be] the same."

At the sentencing hearing, the Commonwealth presented evidence demonstrating that in 2005, Dortch was convicted of a prior abduction with the intent to defile. In 2009, Dortch was adjudicated a sexually violent predator and confined at the Virginia Center for Behavior Rehabilitation. In July 2020, Dortch was released from the VCBR and entered supervised probation. Dortch began "sex offender treatment" in September 2020 but removed his GPS bracelet and absconded from supervision in October, two months before the present offenses. While on probation, but before committing the present offenses, Dortch failed to register as a sex offender and was convicted of stalking one of his coworkers. Moreover, while incarcerated pending trial of the present offenses, Dortch assaulted jail personnel and was twice found in possession of "pieces of iron" that had been "shaved down . . . as weapons." After being convicted of the present offenses, Dortch received a nineteen-year active sentence for violating his probation in another jurisdiction.

The Commonwealth asked the trial court to sentence Dortch to "life imprisonment or seventy (70) years."[2] Emphasizing his prior abduction conviction and adjudication as a sexually violent predator, the Commonwealth argued that no conditions of release could protect the public because the present offenses occurred after Dortch absconded from supervised probation and while the state police were monitoring him. Dortch's offenses had caused A.L. to become a "prisoner in

---

[2] The discretionary sentencing guidelines recommended between thirty years and one month of incarceration and seventy-two years and two months' incarceration, with a midpoint of forty years and one month. The trial court adjusted the high end of the guidelines upward based on Dortch's risk assessment.

her own mind," "fearful and triggered by everyday occurrences." Accordingly, the Commonwealth asked the court to impose a sentence that would "assure public safety."

Dortch asked the trial court to sentence him to the low end of the sentencing guidelines. He emphasized that he had been committed at the VCBR for eleven years and would be in his late fifties after completing his nineteen-year active sentence from another jurisdiction. Dortch argued that he had accepted responsibility for his offenses by pleading guilty and stating his remorse in the presentence investigation report. Further, he had been employed at "the shipyard" before committing the present offenses.

In allocution, Dortch stated that he had a daughter and "this could [have] happened" to her. He acknowledged that it was not "fair for the victim and her family to have a life-time of trauma . . . because [he] decided not to get help." Having already spent eleven years committed at the VCBR, Dortch did not want to "die in prison." Dortch claimed that he had been "traumatized before [he] was ten years old" and asked the court to remember that he had grandchildren when fashioning a sentence.

The trial court found that "this is one of the worst offenses" it had presided over and the atrociousness of the offenses was exacerbated because A.L. was a young mother who begged for her life because she did not want her child to be motherless. The trial court found that after being convicted of abduction and spending a decade in treatment at the VCBR, Dortch removed his GPS bracelet and absconded within three months of entering supervised probation. He then engaged in dangerous criminal conduct, including stalking and failing to register as a sex offender, and culminating in the "nightmare" offenses against A.L. The trial court acknowledged that Dortch pleaded guilty and had suffered trauma in his own life but found that Dortch's record reflected his disregard of "society's rules" and "other people's rights." The court also found that there was no evidence that Dortch had "learned a lesson," was "remorseful," or would not "offend again."

- 5 -

Accordingly, the trial court sentenced Dortch to life imprisonment for the abduction with intent to defile and rape convictions, plus a total of eight years of mandatory incarceration for the firearm offenses. After the trial court informed Dortch that he could not have contact with the victim, Dortch called the trial judge a "racist motherfucker." Dortch appeals.

ANALYSIS

Dortch argues that the trial court abused its discretion by imposing two life sentences for the abduction with intent to defile and rape convictions. He asserts that "even though this crime was quite brutal, there was a lot of mitigation that the trial court just seemed to ignore." He contends that although A.L. suffered "minimal physical injury," he received more active incarceration than many defendants who are convicted of first-degree murder. Dortch stresses that he already had been sentenced to nineteen years' incarceration for violating his probation, had spent over a decade committed at the VCBR, and had children and grandchildren. He also argues that he "took responsibility" for his offenses and did not "want to die in prison."

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Here, Dortch's sentence was within the sentencing range set by the legislature. *See* Code §§ 18.2-10, 18.2-48, and 18.2-61.

It was within the trial court's purview to weigh the mitigating circumstances Dortch presented, including his decision to plead guilty, other terms of active incarceration, and family

members. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.*

The record demonstrates that the trial court considered the mitigating circumstances Dortch cites on appeal. Balanced against those circumstances, however, was the egregious and violent nature of his offenses and their life-altering impact on A.L. and her family. Using a firearm, Dortch abducted an unsuspecting stranger outside her home, dragged her into nearby woods—away from the public's view—and forcibly sodomized and raped her. Dortch repeatedly threatened to kill A.L. during the ordeal and even "rack[ed] the slide" against her forehead before fleeing. A.L. was so traumatized that she moved to another city to escape the "lingering fear" Dortch had caused.

Moreover, the record demonstrated that Dortch committed the heinous offenses after being adjudicated a sexually violent predator and spending a decade receiving treatment at the VCBR. Within a mere three months of his conditional release, Dortch removed his GPS monitor and absconded from supervision. Dortch not only failed to comply with probation, he failed to meet his obligation to register as a sex offender and stalked another woman. These circumstances fully support the trial court's conclusion that Dortch would not follow basic societal norms and was a danger to the community.

The record does not support Dortch's contention that the trial court "ignored" the mitigating circumstances. To the contrary, the trial court expressly addressed his acceptance of responsibility, his family circumstances, and his statement of apology. But after weighing that mitigating evidence against the aggravating circumstances of the "nightmare" offenses Dortch

had committed and his woeful record, the trial court determined that a life sentence for the rape and for the abduction with intent to defile was appropriate. Those sentences do "not exceed [the statutory] maximum," and our task is complete. *Id.* at 564; *see also Thomason*, 69 Va. App. at 99 ("Appellant's sentence was within the statutory range, and our task is complete.").

## CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Lenny Riccardo Dortch is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed*.