COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Ortiz and Senior Judge Clements

FELICIA HOLLEY-POOLE

MEMORANDUM OPINION[*]

v.      Record No. 1231-22-4                    PER CURIAM
                                               JUNE 13, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Michael E. Levy, Judge

(Brett P. Blobaum, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.


Following her guilty plea, the Circuit Court of Stafford County ("trial court") convicted

Felicia Holley-Poole ("Holley-Poole") of misdemeanor driving on a suspended license, in violation

of Code § 18.2-272.  By final order entered August 23, 2022, the trial court sentenced her to 180

days in jail with 120 days suspended, resulting in an active sentence of 60 days.  On appeal,

Holley-Poole contends that the trial court abused its discretion by imposing an active sentence.

Having reviewed the record and proceedings below, the panel unanimously holds that oral argument

is unnecessary pursuant to Code § 17.1-403(ii)(a); Rule 5A:27(a) since the appeal is "wholly

without merit."  Thus, we affirm the judgment of the trial court.

I. BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

During the August 2022 plea hearing, the trial court conducted a thorough colloquy. Holley-Poole confirmed that she understood the elements of the charge against her, that she discussed defenses with her attorney, and that she decided to plead guilty. She acknowledged that by entering a guilty plea, her probation for a previous conviction could be revoked. Holley-Poole affirmed that the maximum punishment for the offense could be 12 months in jail and a fine up to $2,500. Based upon her responses during the colloquy, the trial court found that Holley-Poole entered the guilty plea freely and voluntarily.

The Commonwealth then proffered, without objection, that on February 8, 2022, at 10:00 p.m., Stafford County Sheriff's Deputy Jett was traveling northbound on Warrenton Road when he noticed "heavy damage to the left side of a vehicle." He ran the vehicle tag which returned data indicating that Holley-Poole owned the vehicle and had a suspended license. As a result, Deputy Jett initiated a traffic stop, and as he approached the vehicle driver's side window, he smelled alcohol on Holley-Poole's breath. At first, Holley-Poole denied that she had consumed any alcohol but later admitted that she had drank a shot of gin at 6:30 p.m. She informed Deputy Jett that she was staying at the nearby Super 8 Motel and had been visiting a friend.

Deputy Jett also noticed that her vehicle was not equipped with ignition interlock, and when he questioned her about why she did not have the equipment, Holley-Poole explained that she could not afford it. Deputy Jett then proceeded to conduct a field sobriety test, and although Holley-Poole demonstrated no signs of being under the influence, a field sobriety breath test

- 2 -

indicated that alcohol was present in her system. Deputy Jett learned that her license had been suspended due to a prior driving under the influence conviction. The Commonwealth then presented a transcript of the court proceedings related to her previous DUI conviction that resulted in the suspension of her license.

Holley-Poole also testified on her own behalf that she had been driving on a suspended license because of a court-ordered visitation with her daughter which was scheduled to occur at a restaurant in Culpeper. She further explained to the court that her vehicle had been parked at her sister's home but because her sister was intoxicated and unable to drive her to the visitation, she drove to the visitation in her own vehicle. She further testified that she had dinner and one drink with her daughter and the father of her child between 8:00 p.m. and 9:00 p.m. before driving to a friend's house where she was hoping to stay the night. Her friend, however, would not let her stay the night, so she was driving to her motel when Deputy Jett stopped her.

In explanation, Holley-Poole further stated that this was the first time she had driven her vehicle to the motel but that she felt obligated to attend the scheduled visitation. At the time of the offense, she worked at a restaurant and lived within walking distance of her place of employment. She also advised the court that visitation with her daughter is scheduled for every other weekend, but she visits her daughter more often because their relationship has improved.

During cross-examination, consistent with the Commonwealth's proffer, Holley-Poole admitted that her sister drove her own vehicle to pick her up from the motel but that when it was time to drive to the scheduled visitation, her sister was intoxicated and could not drive. She further explained that she did not have cell phone reception at her sister's home and that there was no available landline. She admitted to driving her vehicle to attend the scheduled custody exchange and said that she contacted a friend to receive a ride home, but her friend was unwilling to give her a ride. She also testified that when her friend refused to let her spend the

night, she drove back to her motel and admitted that at the time of the offense, she had a scheduled court date the following day. Finally, she admitted that she had several previous convictions. After accepting Holley-Poole's guilty plea and finding the Commonwealth's proffered evidence sufficient, the trial court convicted her of driving on a suspended license.

At the sentencing hearing, the Commonwealth recommended that the trial court sentence Holley-Poole to 180 days in jail with 120 days suspended. The Commonwealth emphasized the inconsistencies in Holley-Poole's testimony and her prior convictions. In explanation of their recommendation, the Commonwealth argued that Holley-Poole consumed alcohol and failed to install the ignition interlock in her vehicle and that she committed the new offense knowing she "had court the very next day for the same infraction." The Commonwealth contended that Holley-Poole was making a "mockery" of her sentence and that based on the facts of the case, an upward deviation from the sentencing guidelines was appropriate.

Holley-Poole contended that her testimony was consistent stating that she was "between a rock and a hard place." She emphasized that her only transportation option was her sister who was intoxicated and could not drive. She stated that she only drove to the visitation to obey the custody order. She further asserted that she attempted to spend the night with a friend in order to decrease her time on the road but understood that her offenses were "serious," and accepted responsibility for her actions. Finally, she argued that the deviation recommended by the Commonwealth was high and asked the trial court to impose a sentence with no active incarceration.

The trial court sentenced Poole to 180 days in jail with 120 days suspended. The trial court opined that Holley-Poole's actions were not mistakes, but intentional. The trial court also based the sentencing decision, in part, on Holley-Poole driving her vehicle without the ignition interlock device after consuming alcohol. In addition, the court cited her previous convictions

and her scheduled court date in another county the day after her arrest, for the same offense, as an additional basis for deviating upward from the guidelines. Holley-Poole appeals.

## II. ANALYSIS

### A. *Standard of Review*

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565).

### B. *The trial court did not abuse its discretion in weighing the mitigating and aggravating factors and crafting a sentence.*

It was within the trial court's purview to weigh any mitigating factors Holley-Poole presented, including her obligation to attend the visitation. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record demonstrates that the trial court considered the mitigating circumstances. Balanced against Holley-Poole's mitigation evidence, however, were her previous convictions, a series of driving offenses, and her consumption of alcohol. The trial court expressly stated that Holley-Poole's behavior was not a mistake but intentional conduct. "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. The record demonstrates that the trial court sentenced Holley-Poole within the range set by the legislature. *See* Code §§ 18.2-11 and 18.2-272. We find no abuse of discretion with the trial court's sentencing decision.

## III. Conclusion

Accordingly, we affirm the trial court's judgment.

*Affirmed.*