COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Friedman, Chaney and Lorish
Argued at Salem, Virginia


DORIS WILLIAMS

                                                                    OPINION BY
v.        Record No. 0600-23-3                    JUDGE LISA M. LORISH
                                                                    APRIL 9, 2024
CARL BOGGESS, ESQUIRE IN HIS
 CAPACITY AS AGENT FOR
 MARGARETT WARD


FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

M. Paul Valois (James River Legal Associates, on briefs),
for appellant.

G. Carl Boggess, *pro se*.


Margarett Ward executed a durable power of attorney, naming Carl Boggess as her agent. Doris Williams, Ward's niece, suspected that Boggess was mismanaging Ward's finances and filed a petition seeking an accounting under Code § 64.2-1614(A)(5) of the Uniform Power of Attorney Act ("the Act"). Boggess opposed the petition, arguing that Williams was not entitled to an accounting and that Ward was a "very private person" when it came to her financial affairs. Even though Ward passed away while Williams's action was pending, Williams maintained that she had standing to seek an accounting under the Act and that she held an interest in the outcome—the "relief" and "satisfaction" of knowing her aunt had been properly cared for. The trial court denied the petition. We affirm the trial court's decision because even where a petitioner has standing to seek a statutory accounting under Code § 64.2-1614(B)(2), a trial court has discretion to grant or deny that request, and we see no abuse of that discretion here.

BACKGROUND

During her lifetime, Ward executed a durable power of attorney, selecting Carl Boggess as her agent. Boggess acted as Ward's agent for over a decade, managing her affairs and finances, including the income she made from various sources. During this time period, Williams began to suspect that Boggess was mismanaging her aunt's assets.

Williams filed a petition in the Bedford Circuit Court to obtain a statutory accounting under Code § 64.2-1614(A)(5). One of her arguments, among several, was that Boggess had mishandled Ward's funds, resulting in Ward's transfer from a private nursing home to a Medicaid-funded facility. Williams also stated that she was concerned that Ward now had insufficient funds to cover funeral and burial expenses. The trial court dismissed Williams's first petition because it "did not state factual allegations sufficient to grant the Petition." Williams filed an amended petition, but Ward died while it was pending before the court.

Williams filed a second amended petition providing additional allegations to support the claim that Boggess had breached his fiduciary duty to Ward and had caused her to lose over $100,000. Williams sought an order from the court directing Boggess to provide discovery of various financial records. The court held a hearing on the amended petition during which Williams testified and both parties presented argument. When questioned about her interest in the matter, Williams said she wanted to pursue discovery for the "relief" and "satisfaction" of knowing that her aunt had been "put away like she had asked." Though Boggess argued that Ward was a "very private person," and would not want "anybody to know her affairs," Williams countered that, as Ward's niece, she was entitled to an accounting under Code § 64.2-1614(A)(5) and had a sufficient interest. She also agreed, however, that Ward was a "private person."

The court denied Williams's petition for discovery. The court explained that, even though her status as Ward's niece gave her standing to bring the action under Code

§ 64.2-1614(A)(5), the court nevertheless had discretion to grant or deny the petition after considering the interests of Ward and her estate. Ultimately, the court believed that Williams had insufficient interest in the matter and her petition boiled down to a "fishing expedition." Williams appeals.

ANALYSIS

On appeal, Williams asserts that she has standing to seek an accounting from Ward under Code § 64.2-1614. She argues that the trial court erred in denying her petition seeking discovery because, as Ward's niece, she had a sufficient interest in the "[r]elief" and "satisfaction" of knowing her aunt "was put away like she had asked."

The Act designates nine categories of claimants who can petition a court to "review the agent's conduct" and for "discovery from the agent of information and records pertaining to actions taken pursuant to a power of attorney." Code § 64.2-1614(A)(1)-(9), (B)(2). The parties agree Williams had standing to seek a statutory accounting as Ward's niece because Code § 64.2-1614(A)(5) allows "[a]n adult who is a brother, sister, niece, or nephew of the principal" to "construe a power of attorney" or "review the agent's conduct." Ward did not include any language in the power of attorney expressing an intention that her agent never make disclosures to any third party, so the potential exclusion discussed in *Phillips v. Rohrbaugh*, 300 Va. 289, 301 (2021), is not present here.[1]

The question is, when a qualifying relative makes a timely petition for an accounting, must the court order discovery or grant other relief, or does the statute give the trial court

---

[1] There, the power of attorney declared, "[I]t is my intention that, except as specifically provided for herein, my agent shall never be required to make disclosure or inspection of my affairs, or their actions as my agent, either under this instrument or otherwise, to any third party" and that "I specifically intend that my agent[s] shall never be required to make disclosure of their actions or permit inspection of my affairs under this instrument [pursuant to several listed statutes] or any other statute." *Phillips*, 300 Va. at 298.

discretion?  *Phillips* held that, in an action for an equitable accounting, "equitable relief is discretionary and hence—even if a party makes a valid showing of the required elements for any given form of relief—there is no assured right to exercise of the court's discretion in his or her favor."  *Id.* at 305.  While *Phillips* did not address whether this rule would hold in an action for a statutory accounting, the language of the statute makes that answer a clear "yes."  Indeed, both parties agree that the statute grants a trial court discretion in resolving statutory accounting claims.

"In any case involving statutory construction we begin with the language of the statute." *Appalachian Power Co. v. State Corp. Comm'n*, 284 Va. 695, 705 (2012).  "When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language."  *Jones v. Commonwealth*, 296 Va. 412, 415 (2018) (quoting *Alston v. Commonwealth*, 274 Va. 759, 769 (2007)).  Thus, we "apply the plain meaning of the language appearing in the statute unless it is ambiguous or applying the plain language leads to an absurd result."  *Commonwealth v. Amos*, 287 Va. 301, 305-06 (2014).

Once an enumerated claimant files a petition with the appropriate court, and after the court has provided reasonable notice to the agent and principal, the court "may" hold a hearing. Code § 64.2-1614(B)(2).  "Upon consideration of the interest of the principal and his estate," the court "*may*" then "dismiss the petition" or enter "such order or orders respecting discovery *as it may deem appropriate*."  Code § 64.2-1614(B)(2) (emphases added).  Nowhere in the statute does it compel a court to grant a petition simply because a claimant is included in one of the enumerated categories.  Instead, the "highly permissive 'may' language" endows the trial court with discretion.  *Wal-Mart Stores East, LP v. State Corp. Comm'n*, 299 Va. 57, 70 (2020).  By the statute's plain meaning, the court retains the discretion to grant or deny a petition filed by a petitioner who otherwise qualifies as someone who has standing to seek an accounting.

Where a statute gives a trial court such discretion, we review the result for an abuse of that discretion. *See Toraish v. Lee*, 293 Va. 262, 268 (2017).

> The three principal ways a court abuses its discretion are "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Id.* (quoting *Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 429 (2012)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

Williams argues that the trial court abused its discretion by relying on improper factors—namely, that Williams had not shown a sufficient interest in the accounting and that Ward was a "private person." As for the first consideration, we cannot say it was improper for the court to consider what interest Williams had in the outcome of the accounting. The production of financial records takes time and effort, as would any more detailed accounting based on those records. Thus, we cannot say the court abused its discretion by finding that Williams's interest in "relief" and "satisfaction" amounted to a "fishing expedition."

Turning to the trial court's consideration of the evidence that Ward was a "private person," Code § 64.2-1614(B)(2) requires a court to consider "the interest of the principal and his estate" in determining whether to grant or deny the petition. The statute does not define this criterion, but the principal's general disposition as to financial matters and to whom the principal entrusted financial information appear to be fairly encompassed by this factor. Thus, we cannot say it was an abuse of discretion for the court to consider evidence (confirmed by Williams's

own testimony) that the principal was a private person.  *See also Phillips*, 300 Va. at 311

(observing that "[t]he underlying theme" of many of the statutory provisions in the Act is that

"courts should respect the personal financial privacy of competent principals").

Williams also generally argues that the trial court abused its discretion because she

"alleged specific acts on the part of the agent that would constitute a breach of fiduciary duty if

proven and therefore justified" a statutory accounting.  Having concluded that no improper

factors were considered by the court, we evaluate this argument for whether the court in

weighing all the factors "commit[ed] a clear error of judgment."  *Toraish*, 293 Va. at 268

(quoting *Manchester Oaks*, 284 Va. at 429).  Our standard of review readily resolves this

concern.  Even if we might "have come to a different result in the first instance," we must show

deference to the court's judgment.  *Thomas*, 73 Va. App. at 127 (quoting *Lawlor*, 285 Va. at

212).  We see no clear error of judgment here.

Before concluding, we acknowledge Williams's statement at oral argument that Boggess

was also the personal representative of the estate, suggesting that if she did not seek an

accounting of Boggess's actions, the estate would be very unlikely to do so and the alleged

wrongs would never be investigated.  Nowhere does Code § 64.2-1614 set forth a general

requirement that someone otherwise qualified to invoke the remedies it provides *must have* a

financial interest in the matters to be reviewed.  While a court exercises its discretion in

responding to a petition under the statute, qualifying relatives are entitled to petition for review

simply by virtue of their familial relationships to the principal.  Moreover, the statute expressly

authorizes petitions by anyone named to receive a benefit upon the principal's death, *see* Code

§ 64.2-1614(B)(6), so the personal representative of the estate is not the exclusive representative of all individuals with a financial stake.[2]

Because the court properly considered the interests of the principal and her estate under the statute, we find no abuse of discretion and affirm the dismissal of the petition.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*

---

[2] Williams sought only a statutory accounting here, but we note that in an equitable accounting action, there are also exceptions to the general rule that only the "personal representative of an estate has exclusive standing to sue on behalf of an estate" for an equitable accounting, such as where another party makes a "showing of 'fraud' or the [estate representative's] 'refusal to sue.'" *Phillips*, 300 Va. at 303.