COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Chaney and Lorish

BRANDON KEITH BROWNING

v.      Record No. 0738-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 25, 2023

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

(Todd M. Ritter; Hill & Rainey, on brief), for appellant.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.

Brandon Keith Browning appeals the trial court's sentence to the statutory maximum period

of incarceration for unlawful wounding. He contends that the trial court abused its discretion by

imposing an active sentence that well-exceeded the high-end recommendation of the sentencing

guidelines. After examining the briefs and record, the panel unanimously holds that oral argument

is unnecessary because "the dispositive issue or issues have been authoritatively decided, and the

appellant has not argued that the case law should be overturned, extended, modified, or reversed."

Code § 17.1-403(ii)(b); Rule 5A:27(b). Accordingly, this Court affirms the trial court's

judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party" in the trial court. *McGowan v.*

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

*Commonwealth*, 72 Va. App. 513, 516 (2020) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

On December 28, 2013, Browning, without warning, punched the victim several times in the face, causing bruising, swelling, and a gash above her right eye requiring fifteen stitches. In March 2021, the Commonwealth indicted Browning on the charge of malicious wounding for the 2013 offense. Browning pleaded guilty to an amended charge of unlawful wounding, and the plea agreement contained no agreement regarding a sentence. At the plea hearing, Browning confirmed that he understood that "there is nothing in the plea agreement that says what [the trial court] has to do with regard to [his] sentence" and that the trial court did "not have to follow the guidelines."

At the sentencing hearing, the Commonwealth introduced a photo of the victim's injuries, and the victim testified that she suffers from anxiety and "PTSD" from Browning's attack. She denied that she and Browning remained friends after the incident, and asked that Browning "be held accountable for things that he's done."

Browning presented no evidence but argued for a sentence in accordance with the low end of the guidelines based on the date of the offense, his acceptance of responsibility, and his participation in the Therapeutic Community Program at jail.[1] During his allocution, Browning acknowledged his recent conviction for strangulation and his current incarceration for a possession of a firearm conviction. Browning claimed that the unlawful wounding in this case "was just an accident" and that he "just couldn't believe that this charge was being brought back nine years later." Browning then alleged that contrary to the victim's testimony, the court should believe him because he and the victim had remained friends, and the victim knew he didn't mean to hurt her.

---

[1] The discretionary sentencing guidelines recommended a sentence between ten months and two years, eleven months.

Before sentencing Browning, the trial court pointed out that the victim's testimony refuted Browning's claim that they had remained friends and that the photograph of her injuries refuted his disagreement with the evidence. The trial court also noted that Browning insulted and disparaged the victim during his allocution by saying the victim was lying. The trial court found that Browning demonstrated no remorse, sought to make excuses, and showed no comprehension whatsoever of the seriousness of his offense. Thus, the trial court sentenced Browning to five years' incarceration.

ANALYSIS

Browning asserts that the trial court abused its discretion by imposing an active sentence that well-exceeded the high-end recommendation of the sentencing guidelines. We review a trial court's criminal sentencing decision for an abuse of discretion. *See Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016). "A Virginia trial court 'clearly' acts within the scope of its sentencing authority 'when it chooses a point within the permitted statutory range' at which to fix punishment." *Id*. at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565).

Although Browning concedes that the trial court sentenced him to the statutory maximum period of incarceration for unlawful wounding, he argues that his sentence was disproportionate and unreasonable. He contends that the sentence well-exceeded the high-end recommendation of the sentencing guidelines and emphasizes that he pleaded guilty to the offense even though the offense occurred nine years earlier. Browning also stresses that he had "acknowledged what he [had] done when confronted by the police in 2013" and was "apologetic to the victim . . . right after it happened." He further argues that there are other "mitigating factors that distinguished [him] in a positive way."

It is well-established that "proportionality review 'is not available for any sentence less than life imprisonment without the possibility of parole.'" *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011) (quoting *United States v. Malloy*, 568 F.3d 166, 180 (4th Cir. 2009)). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)).

Moreover, the Virginia Criminal Sentencing Guidelines are "discretionary, rather than mandatory." *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007)). They are "merely procedural tools to assist and guide a judge in the exercise of the judge's sentencing discretion." *Luttrell v. Commonwealth*, 42 Va. App. 461, 468 (2004). "Accordingly, a circuit court's failure to follow the guidelines is 'not . . . reviewable on appeal." *Fazili*, 71 Va. App. at 248 (quoting Code § 19.2-298.01(F)). Indeed, the task of sentencing "rest[s] heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Minh Duy Du*, 292 Va. at 563.

Here, the record demonstrates that the trial court considered the guidelines, the circumstances of the offense, the evidence presented, and Browning's statements. In doing so, the trial court found that Browning's allocution testimony was refuted by the victim's testimony and the photograph of her injuries. The trial court's findings that Browning insulted, disparaged, and accused the victim of lying were supported by the record and are not clearly erroneous. The trial court concluded that Browning "demonstrated no remorse," "sought to make excuses," and showed "no comprehension whatsoever of the seriousness of what he ha[d] done," and sentenced

him within the statutory range set by the General Assembly. *See* Code §§ 18.2-10(f), 18.2-51.

Accordingly, we find no abuse of the trial court's discretion.

## CONCLUSION

For these reasons, this Court affirms the trial court's judgment.

*Affirmed.*